FILED

2023 May-16  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEVANTE ORR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2:23-cv-442-AMM** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TEMPLE BETH-EL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This case comes before the court on a Motion To Dismiss Or Alternatively For Summary Judgment filed by Defendant Temple Beth-El. *See* Doc. 3. For the reasons explained below, the motion is **GRANTED**.

### I.    BACKGROUND

These are facts alleged by Plaintiff Devante Orr construed in the light most favorable to Mr. Orr:

Mr. Orr was an employee of Temple Beth-El. On May 11, 2022, Mr. Orr "was doing [his] job" when a coworker began "us[ing] racial slurs" and "grab[bing Mr. Orr's] shoulder and chest area from the back while [Mr. Orr] was mopping." Doc. 1-1 at 5. Mr. Orr alleges that "[m]anagement did nothing about it." *Id*. Mr. Orr further alleges that his coworker "said he didn't mean to" threaten Mr. Orr. *Id*. Mr. Orr "want[s] justice for this discrimination [and] harassment." *Id*.

Mr. Orr filed a charge of discrimination with the EEOC on October 7, 2022. *See id*. at 9. He asserted in his charge that he "believe[d he] ha[d] been discriminated against due to [his] race, in violation of Title VII of the Civil Rights Act of 1964, as amended ["Title VII"]." *Id*. The EEOC issued its determination and notice of right to sue on December 13, 2022. *Id*. at 6.

Mr. Orr filed his *pro se* complaint against Temple Beth-El in the Circuit Court of Jefferson County on December 15, 2022. *See id*. at 2–10. When prompted to "[s]elect [his] primary cause of action," Mr. Orr checked the box for "[c]ivil [r]ights." *Id*. at 10.

Mr. Orr served Temple Beth-El via certified mail on March 17, 2023. *See id*. at 23; *accord* Doc. 1 ¶ 1. Temple Beth-El timely removed this action from Jefferson County Circuit Court to the Northern District of Alabama.

The action was initially assigned to a magistrate judge, *see* Doc. 2, and was reassigned to the undersigned judge, *see* Doc. 10. Temple Beth-El filed the pending Motion To Dismiss Or Alternatively For Summary Judgment, *see* Doc. 3, which motion is fully briefed, *see id*; Doc. 7; Doc. 8; Doc. 21.

## II.     STANDARD OF REVIEW

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not make "detailed factual allegations;" its purpose is only to "give the defendant fair

notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* To test the complaint, the court discards any "conclusory allegations," takes the facts alleged as true, *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), and "draw[s] all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). These facts and inferences must amount to a "plausible" claim for relief, a standard that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (cleaned up).

## III.   ANALYSIS

Title VII prohibits, in pertinent part, an employer from discrimination against its employees based on race. *See* 42 U.S.C. § 2000e-2(a)(1). "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more

3

employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." *Id*. § 2000e(b). "[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

Temple Beth-El asserts that Mr. Orr's "[c]omplaint does not allege that [Temple Beth-El] is an employer within the meaning of Title VII, an element of his claim for relief." Doc. 3 ¶ 4 (cleaned up). Temple Beth-El is correct on this point. *See generally* Doc. 1-1 at 5. Because Mr. Orr has not pleaded that Temple Beth-El employs "the threshold number of employees for application of Title VII" which "is an element of [his] claim for relief," *see Arbaugh*, 546 U.S. at 516, the motion to dismiss is **GRANTED**.

Ordinarily, the court might dismiss Mr. Orr's claims without prejudice to his opportunity to replead this element of his claim. *See* Fed. R. Civ. P. 15(a)(2). But doing so would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). As an alternative to dismissal, Temple Beth-El moved for summary judgment, asserting that it does not qualify as an employer during the relevant time because it "has had less than [fifteen] employees during every week in the two years (2021 and 2022) preceding the alleged events in [Mr. Orr's c]omplaint." Doc. 3 ¶ 5; *see also* Doc. 3-1.

To support this assertion, Temple Beth-El offers an affidavit of Gynnis Levitt who is "the Chief Operating Officer of Congregation Beth-El" and is "familiar with Temple Beth-El's payroll practices, payroll system[,] and payroll reports." Doc. 3-1 ¶¶ 1–2. Mr. Levitt testified that he "ha[s] reviewed the payroll reports for the calendar years 2021 and 2022" and that "[d]uring every work week in 2021 and 2022, Temple Beth-El employed fewer than [fifteen] employees." *Id.* ¶¶ 3–4.

Mr. Orr responds that he "was a part of kitchen[']s work, [l]ive stream set up events, first class postal mailing drop-off and pick up for members[,] . . . staff jack of all trades[, and] custodian staff employee[,] so" according to Mr. Orr, the number of employees at Temple Beth-El "is greater than what [Temple Beth-El] claim[s]." Doc. 7 at 1. Mr. Orr also provided evidentiary material, which material includes (1) a screenshot of an unidentified webpage which suggests Temple Beth-El has "<25 [e]mployees," Doc. 8 at 2, and (2) what appears to be a birthday card signed by at least five individuals, Doc. 7 at 2.

On reply, Temple Beth-El asserts that the webpage screenshot is neither authenticated nor certified as required by the Federal Rules of Evidence. Doc. 21 ¶ 2. Temple Beth-El further asserts that the webpage screenshot is impermissible hearsay "to the extent it is offered to establish the number of [Temple Beth-El's] employees." *Id.* ¶ 3. Temple Beth-El also asserts that the screenshot "is clearly not [Temple Beth-El's] website." *Id.* ¶ 2.

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012) (cleaned up). And when a "declarant has given sworn testimony . . . that contradicts the hearsay statement, [federal courts] may not consider the hearsay statement at the summary judgment phase." *Id*. at 1294.

Mr. Levitt has provided sworn testimony that "[d]uring every work week in 2021 and 2022, Temple Beth-El employed fewer than [fifteen] employees." Doc. 3-1 ¶ 4. Mr. Orr did not rebut this testimony with non-hearsay evidence. *See* Doc. 8 at 2; *see also* Doc. 7 at 2. Accordingly, the motion for summary judgment is **GRANTED**, and Mr. Orr's claims are **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

For the foregoing reasons, the Motion To Dismiss Or Alternatively For Summary Judgment, Doc. 3, is **GRANTED**, and Mr. Orr's claims are **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case. The Clerk is **FURTHER DIRECTED** to mail a copy of this order to Mr. Orr at his current address.

**DONE** and **ORDERED** this 16th day of May, 2023.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE