In The United States District Court For The Northern District Of Alabama Southern Division

(Prose)
Devante Orr - Plaintiff           2:23-cv-00442-NAD

V

Temple Beth EL - Defendant

Motion reinstate

Dear Honorable Anna M Manasco

Come now (Prose) Devante Orr reconsideration dismissed reexamine defendant affidavit, There was an error in legal judgement because defendant affidavit is false The Chief Operating officer was Mrs. Glynnis Levitt not ((Gynnis Levitt)) Defendant affidavit type name wrong but signature is right something not right. Defendant is covered by Tittle VII employee size is more than 15 this case shall remand open until I prove be awarded max for this conflict

Devante Orr
1716 15+ Place South
Birmingham, Alabama
35205
205 545 3154

Devante Orr
5/23/23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEVANTE CHRIS ORR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TEMPLE BETH-EL, )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br>2:23-cv-00442-NAD |

[handwritten: Gynnis ↓]

[handwritten right: Copy false affidavit]

## DECLARATION OF GYNNIS LEVITT PURSUANT TO 28 U.S.C. § 1746

My name is Gynnis Levitt. I am a resident of the State of Alabama, over twenty-one (21) years of age, and give this Declaration of my own free will. I have personal knowledge of the information contained in this Declaration.

1. I am the Chief Operating Officer of Congregation Beth-El which is also known Temple Beth-El, the defendant in this case.

2. As Chief Operating Officer, I am familiar with Temple Beth-El's payroll practices, payroll system and payroll reports. I am also personally familiar with all of its employees.

3. I have reviewed the payroll reports for the calendar years 2021 and 2022.

4. During every work week in 2021 and 2022, Temple Beth-El employed fewer than 15 employees.

[handwritten: ↑ False]

calendar weeks in the current or preceding calendar year." 42 U.S.C. 2000e(b). "The 'employee-numerosity requirement' is an element of a plaintiff's claim for relief, rather than a jurisdictional issue, and the plaintiff is responsible for proving the threshold number of employees in order for Title VII to apply." *Springer v. First Call Pregnancy Ctr.*, 831 Fed. Appx. 475, 476 (11th Cir. 2020) (affirming summary judgment for employer because it did not have 15 or more employees)

4. Plaintiff's Complaint does not allege that Defendant is an "employer" within the meaning of Title VII, "an element of [his] claim for relief."

5. In fact, Defendant has had less than 15 employees during every week in the two years (2021 and 2022) preceding the alleged events in Plaintiff's Complaint. Declaration of Glynnis Levitt, attached hereto as Exhibit A.

*false* 6. As Defendant is not covered by Title VII, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted or, alternatively, Defendant should be granted summary judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Temple Beth-El prays this Court to dismiss Plaintiff's claim or alternatively grant summary judgment in its favor.

*[handwritten annotation: Copy false Affidavit]*

2

*I declare under penalty of perjury that the foregoing is true and correct.*

*Executed on*  4/11/23

*Glynnis Levitt, COO*
Gynnis Levitt

763233.docx

R Glynnis

Copy false affidavit